**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00466-CMA-CBS

ADT SECURITY SERVICES, INC.,

      Plaintiff,

v.

FIRSTLINE SECURITY, INC., a Utah corporation,
TREVOR KEYES,
WRIGHT W. THURSTON,
EUGENE RUTENBERG,
JOHN DOES 1 THROUGH X,
INTEGRATED ALARM SERVICES, INC., a Kansas corporation,
McGINN, SMITH & CO., a New York corporation,
GE SECURITY, INC., a Delaware corporation,
PROTECTION ONE, INC., a Delaware corporation, and
ALARM.COM, a Delaware corporation,

      Defendants.

---

## ORDER REMANDING CASE TO DISTRICT COURT FOR ARAPAHO COUNTY

---

      This matter is before the Court on Plaintiff ADT Security Services, Inc.'s Motion to Sever and Remand Claims Against Trevor Keyes, Wright Thurston, Eugene Rutenberg and John Does 1 Through X (Doc. # 7). Also pending is Defendant GE Security, Inc.'s Motion to Transfer Venue to the United States Bankruptcy Court, District of Utah (Doc. # 17). For the reasons described below, this case is REMANDED to the District Court for Arapahoe County, Colorado for all further proceedings. Plaintiff's Motion to Sever and Defendant's Motion to Transfer Venue are DENIED AS MOOT.

Federal Courts have an obligation to determine whether subject matter jurisdiction exists. *1mage Software, Inc. V. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Even absent a challenge from one of the parties, the Court may raise the issue itself at any stage of the litigation. *Id.* Here, the Court has examined the matter *de novo* and determined there is no basis for federal jurisdiction over this case.

This matter began with a Complaint and Amended Complaint filed in the District Court for Arapahoe County, Colorado. Before any defendant had responded to the Amended Complaint, Defendant Firstline filed for bankruptcy protection in Utah. Then, Defendant GE sought to remove the action to this Court pursuant to 28 U.S.C. § 1452(a). GE argued for removal on the grounds that this matter arises under, or is related to Title 11. (*See* Doc. # 1.)

However, the fact that one party in litigation files a bankruptcy petition does not in any way create a federal question or confer jurisdiction over this matter to a federal court. Although 11 U.S.C. § 362(a)(4) may stay this action vis-á-vis Defendant Firstline, this fact only supports the conclusion that this matter should not be in federal court because any impact on the bankruptcy estate will be limited by section 362's mandatory stay. In short, there is no federal question and the limited jurisdiction of federal courts dictates that remand is appropriate.

Further, under 28 U.S.C. § 1452(b), even if federal question jurisdiction did exist, this Court may remand a claim or cause of action removed pursuant to section 1452(a) "on any equitable ground." Likewise, under 28 U.S.C. § 1334(c)(1), this Court may

abstain from hearing a case "in the interest of justice, or in the interest of comity with

State courts or respect for State law." The factors to consider under sections 1452(a)

and 1334(c)(1) are similar:

> whether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate, whether the case involves questions of state law better addressed by a state court; comity, judicial economy; prejudice to involuntarily removed parties; the effect of bifurcating the action, including whether remand will increase or decrease the possibility of inconsistent results; the predominance of state law issues and non-debtor parties; and the expertise of the court in which the action originated.

*AUSA Life Ins. Co. v. Citigroup, Inc.*, 293 B.R. 471, 478 (N.D. Iowa 2003) (citing 16

James Wm. Moore, et al., Moore's Federal Practice § 107.15[8][e] (3d ed. 2001)).

Here, remand will serve judicial economy and prevent duplication of the judicial

process. Keeping the lawsuit together will also prevent unnecessary administrative

costs. By remanding to state court, this case can remain one case with one judge and

courtroom staff, not two, as would result if severed and partially remanded. Remanding

the entire action to the state court has the added benefit of precluding potentially

inconsistent results. Further, the questions presented in the Amended Complaint sound

in state law. These state law questions are better addressed by the State Court, which

is supremely competent to determine the questions at issue. Although the relief sought

may eventually touch upon administration of the bankruptcy estate, this fact alone is not

a sufficient ground to keep this matter in the federal courts. Additionally, the majority of

parties in this action are non-debtor parties and adjudication of claims between them will

have no effect on the bankruptcy estate. Finally, without opining on its enforceability,

the Court notes that the Dealer Agreement at issue contains a venue-selection clause designating an appropriate court in Arapahoe County, Colorado.

Accordingly, for the reasons described above, this proceeding is REMANDED to the District Court for Arapahoe County, Colorado. It is

FURTHER ORDERED that Plaintiff's Motion to Sever (Doc. # 7) and Defendant's Motion to Transfer Venue (Doc. # 17) are DENIED AS MOOT.

DATED: November  13 , 2008

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge