IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-00466-CMA-CBS

ADT SECURITY SERVICES, INC.,

    Plaintiff,

v.

FIRSTLINE SECURITY, INC., a Utah corporation,
TREVOR KEYES,
WRIGHT W. THURSTON,
EUGENE RUTENBERG,
JOHN DOES 1 THROUGH X,
INTEGRATED ALARM SERVICES, INC., a Kansas corporation,
McGINN, SMITH & CO., a New York corporation,
GE SECURITY, INC., a Delaware corporation,
PROTECTION ONE, INC., a Delaware corporation, and
ALARM.COM, a Delaware corporation,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendant GE Security, Inc.'s Motion for Reconsideration of (1) Order Remanding Case to District Court for Arapahoe County; and (2) Order Denying Motion to Transfer Venue to the United States Bankruptcy Court, District of Utah (Doc. # 22). For the following reasons, the Motion for Reconsideration is DENIED and the Court's Order Remanding the case to the District Court for Arapahoe County and denying the Motion to Transfer Venue (Doc. # 19) is AFFIRMED.

**BACKGROUND**

Plaintiff ADT Security Services, Inc. initiated this lawsuit in the District Court for Arapahoe County, Colorado in November 2007. In March 2008, GE Security sought to remove the suit from state court on the basis of federal bankruptcy jurisdiction. (*See* Doc. # 1.) GE Security argued that this Court had jurisdiction because Defendant Firstline Security, Inc. filed a bankruptcy petition in the District of Utah after ADT filed its Complaint (and Amended Complaint) in state court. ADT largely acquiesced in removal, but sought to remand its claims against Defendants Trevor Keyes, Wright Thurston, Eugene Rutenberg and John Does 1 through X (Doc. # 7). GE Security did not oppose remanding ADT's claims against the individual defendants and, after briefing the remand issue, filed a Motion to Transfer Venue of the claims against the corporate defendants: Firstline, GE Security, Integrated Alarm Services, Inc., McGinn, Smith & Co., Protection One, Inc. and Alarm.com to the District of Utah (Doc. # 17).

In response to the aforementioned maneuvering, on November 13, 2008, the Court remanded this case, in its entirety, to the District Court for Arapahoe County, Colorado and denied as moot GE Security's Motion to Transfer Venue to the Bankruptcy Court for the District of Utah. (*See* Doc. # 19.) The Court held that it did not have jurisdiction over this matter simply because Firstline had filed for bankruptcy protection and that to the extent it did have jurisdiction, the Court preferred to abstain and remand the action to state court pursuant to 28 U.S.C. § 1452(b). GE Security now asks the Court to vacate its Remand Order asserting that the Court "erred when it ruled

that it lacked subject matter jurisdiction over the removed lawsuit" and; therefore, the claims "should not have been remanded."

## **STANDARD OF REVIEW**

Under Federal Rule 59(e), a district court has discretion to alter or amend a judgment. *See* Fed.R.Civ.P. 59(e); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Motions under Federal Rule 59(e) are intended to "correct manifest errors of law or to present newly discovered evidence." *Committee for First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986)).

Likewise, under Federal Rule 60(b), a district court has discretion to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A 'mistake' may occur if the court made a substantive mistake of law in its order." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007). Relief under Federal Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). There is a one-year time limit to file a motion under Federal Rule 60(b). *See* Fed.R.Civ.P. 60(c).

For the reasons explained below, GE Security's Motion for Reconsideration fails under either standard.

**ANALYSIS**

In its November 13 Remand Order, the Court held that it lacked jurisdiction under 28 U.S.C. § 1334(b) to hear this lawsuit. Alternatively, the Court indicated that it would abstain from hearing this proceeding under 28 U.S.C. §§ 1334(c) and 1452(b).

**I.    Federal Jurisdiction Under Section 1334(b).**

The relevant subsection, 1334(b), states:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).[1] Courts have construed 1334(b) to create federal jurisdiction in four situations: (1) cases arising under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under title 11. *See In re The Guild & Gallery Plus, Inc.* 72 F.3d 1171, 1175 (3d Cir. 1996). Even if jurisdiction is appropriate under 1334(b), in certain circumstances, a district court may abstain (or be required to abstain) from hearing a matter pursuant to 28 U.S.C. §§ 1334(c) and 1452(b). *See Stoe v. Flaherty*, 436 F.3d 209, 214-15

---

[1] It is also worth noting that pursuant to D.C.COLO.LCivR 84.1A, all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11 will be automatically referred to the bankruptcy judges of this district. *See also* 28 U.S.C. § 157(a). The District Court for the District of Utah has a similar automatic referral in its local rules. *See* DUCivR 83-7.1 ("unless a rule or order of this court expressly provides otherwise, any and all cases under Title 11 and any and all proceedings arising in or related to a case under Title 11 are referred to the bankruptcy judges for the District of Utah for consideration and resolution consistent with the law").

(3d. Cir. 2006) (discussing abstention generally); *Collier on Bankruptcy* §§ P 3.05[1] & [2] (15th ed. rev. 2008) (discussing permissive and mandatory abstention).

A case or proceeding arises under title 11 if it "asserts a cause of action created by the [Bankruptcy] Code . . . ." *In re Midgard Corp.*, 204 B.R. 764, 771 (B.A.P. 10th Cir. 1997); *Stoe*, 436 F.3d at 216. A proceeding arises in a case under title 11 if it is a proceeding that "could not exist outside of a bankruptcy case" but is not a cause of action created specifically by title 11. *Midgard*, 204 B.R. at 771; CJS Bankruptcy § 158 ("A civil proceeding 'arising in' a case under Title 11 is the type of claim or proceeding that secondarily springs from a pending bankruptcy case."). A proceeding relates to a case under title 11 if it could have been commenced independently of the bankruptcy case but the outcome of the proceeding might affect administration of the bankruptcy estate. *Midgard*, 204 B.R. at 771; *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984). Under the *Pacor* test, "related to" jurisdiction is considerably wider in scope than its statutory cohorts. However, the existence of common issues of fact between a civil proceeding and a bankruptcy controversy does not automatically lead to federal jurisdiction over the civil matter. *See Pacor*, 743 F.2d at 994; *In re Bobroff*, 766 F.2d 797, 802 (3d Cir. 1985) (rejecting the notion that "related to" jurisdiction is akin to pendant jurisdiction).

## II. This Case Does Not Arise Under Title 11 or Arise In A Case Under Title 11.

In this case, GE Security correctly states that federal district courts have exclusive jurisdiction of all bankruptcy cases filed under title 11. *See* 28 U.S.C.

§ 1334(a). However, in arguing that this lawsuit is a core proceeding over which the bankruptcy courts have jurisdiction pursuant to 28 U.S.C. § 157(b)(2), GE Security puts the cart before the horse. Contrary to GE Security's arguments, none of ADT's causes of action are core proceedings.

This is not a case arising under title 11, nor is it proceeding arising in a case under title 11. ADT's claims were not created by title 11 nor do they exist solely as a result of Firstline's bankruptcy petition. *See Guild & Gallery Plus,* 72 F.3d at 1178 (noting that proceeding is core under 11 U.S.C. § 157 if it invokes a substantive right provided by title 11 or if it could arise only in the context of a bankruptcy case); *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding."). ADT's claims sound in state law which admittedly offers similar substantive relief to certain bankruptcy causes of action. However, it defies logic to say that this lawsuit arises under title 11 or arises in Firstline's bankruptcy case when ADT's Complaint predated Firstline's Utah bankruptcy proceeding by more than two months. Indeed, under 28 U.S.C. § 1334(a), ADT could not have filed this lawsuit in state court if it arose under title 11 because federal courts have exclusive jurisdiction of such matters. *See Collier* § p 3.01[3] ("The exclusivity of that jurisdiction [section 1334(a)] is intended to make it clear that no jurisdiction over bankruptcy cases is left to state

court."). Likewise, regarding "arising in" jurisdiction, ADT filed this lawsuit before Fristline filed for bankruptcy protection. ADT's claims cannot exist solely as a result of Firstline's bankruptcy or "secondarily spring" from Firstline's bankruptcy petition. Therefore, GE Security's argument that this proceeding is a core proceeding over which the bankruptcy court has original jurisdiction is incorrect. See *Midgard*, 204 B.R. at 771; *Guild & Gallery Plus*, 72 F.3d at 1171. All that is left then, is "related to" jurisdiction.

**III.    Abstention and Remand Under 1334(c)(1) and 1452(b) Is Appropriate Here.**

At most, this lawsuit contains claims that could conceivably affect administration of Firstline's bankruptcy estate. *Pacor*, 743 F.2d at 991-93. However, the record demonstrates that ADT has complied with the automatic stay imposed by § 362 of the Bankruptcy Code. From the attachments to GE Security's Motion for Reconsideration, it is clear that Plaintiff ADT has filed a secured proof of claim in Debtor Firstline's bankruptcy proceedings in Utah. In other words, ADT is pursuing its claims against Firstline in the appropriate forum – the United States Bankruptcy Court in the District of Utah. In short, there is nothing in the record that indicates that ADT's pursuit of claims against the remaining, non-debtor defendants in a state court forum would in any way affect the administration of Firstline's bankruptcy estate.

However, even if this lawsuit does relate to Firstline's bankruptcy case, the Court has discretion to abstain from exercising "related to" jurisdiction under the circumstances present here. See 28 U.S.C. §§ 1334(c) & 1452(b); *In re Titan Energy*, 837 F.2d 325, 330 (3d Cir. 1988) (holding that abstention was appropriate when state

7

court matter would not impermissibly intrude upon administration of bankruptcy estate and noting, "Where a state court proceeding sounds in state law and bears a limited connection to debtor's bankruptcy case, abstention is particularly compelling."); *see also AUSA Life Ins. Co. v. Citigroup, Inc.*, 293 B.R. 471, 478 (N.D. Iowa 2006) (describing factors to consider when deciding whether to abstain under sections 1334(c)(1) and 1452(b)). Although ADT will be unable to pursue foreclosure of its liens on Firstline's accounts unless it does so in the Utah Bankruptcy Court, nothing in the bankruptcy code precludes the Arapahoe County District Court from adjudicating ADT's claims against the non-debtor defendants. After analyzing the facts of this case (*e.g.*, the predominance of non-debtor parties and state law claims),[2] the Court believes that the remaining claims should be resolved by the state court.

## IV. Section 1334(e) Does Not Support Federal Jurisdiction In This Court.

GE Security is also incorrect when it argues that this Court has jurisdiction over Firstline's property pursuant to 28 U.S.C. § 1334(e)(1). Under that section, the district court in which a bankruptcy case is commenced or is pending shall have exclusive jurisdiction of all the debtor's property, wherever located, and of property of the bankruptcy estate. *See* 28 U.S.C. § 1334(e)(1). Notably, section 1334(e)(1) vests

---

[2] The Court notes that, even under *Pacor's* broad jurisdictional standard, ADT's claims against the individual defendants do not relate to administration of Firstline's bankruptcy estate. *See Bethlahmy v. Kuhlman*, 205 B.R. 231, 236-37 (B.A.P. 9th Cir. 1997) (remanding for lack of jurisdiction and holding that proceedings against corporate officers of debtor accused of fraud were non-core and not related to bankruptcy estate). The presence of these non-related parties and claims provide a compelling reason to abstain from exercising federal jurisdiction, even if ADT's claims against Firstline could affect administration of the bankruptcy estate.

jurisdiction with the "district court *in which a case under title 11 is commenced or pending*," whereas the bankruptcy removal statute upon which GE Security relies, 28 U.S.C. § 1452(a), vests jurisdiction of removed matters in "the district court for the district *where such civil action is pending* . . . ." *Compare* 28 U.S.C. § 1334(e)(1) with 28 U.S.C. § 1452(a) (emphasis added). The result of the proper application of section 1334(e)(1) is that the District Court in Utah and not this Court, has jurisdiction over Firstline's property. However, 1334(e)(1) does not divest the State Court of jurisdiction over disputes between non-debtor parties or property and, as stated above, nothing in the bankruptcy code precludes the Arapahoe County District Court from adjudicating ADT's claims against the non-debtor defendants.

**V.      The Parties Cannot Confer Jurisdiction Upon this Court.**

Finally, GE Security's argument that ADT agrees to partial removal and transfer does not affect the Court's analysis. Section 1334 of title 28 of the U.S. Code provides for federal jurisdiction over bankruptcy cases and proceedings. *See* 28 U.S.C. § 1334; *see also Midgard*, 204 B.R. at 770-76 (discussing jurisdiction under 1334). A party cannot make a proceeding into something it is not by *ipse dixit* and it is well established that agreement of the parties does not confer federal courts with jurisdiction they would not otherwise possess. *See, e.g., Titan Energy*, 837 F.2d at 328 ("A federal district judge does not have federal question jurisdiction merely because a litigant asserts such jurisdiction exists.").

**CONCLUSION**

The mere fact that Firstline, one defendant in this state court case, filed a bankruptcy petition in the District of Utah, does not confer the District of Colorado with jurisdiction over this case. Even if the Court did have jurisdiction, the Court chooses to abstain pursuant to 28 U.S.C. § 1334(c) and hereby remands this matter pursuant to 28 U.S.C. § 1452(b) for the equitable reasons described above and in its November 13, 2008 Order.

As such, GE Security's Motion for Reconsideration (Doc. # 22) is DENIED and the Court's November 13, 2008 Remand Order (Doc. # 19) is AFFIRMED.

DATED: December  12 , 2008

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge